UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL E. WATSON, I, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  23-1120-HLT-GEB |
| | ) |
| SHERYL A. EBERT and | ) |
| VETERANS EVALUATION SERVICES, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motions for Sealed Documents ("Motions") **(ECF. Nos. 5 and 7)**. Plaintiff seeks to have certain records and filings sealed (Attachments to ECF No. 7 and ECF Nos. 6, 8, 9, and 10). When the Motions were filed, service had not been obtained on any Defendant, therefore the Court reviewed Plaintiff's Motions alone, without the need for response. As such, after review of Plaintiff's Motions, and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Sealed Documents **(ECF No. 5)** and **GRANTS in part and DENIES in part** Plaintiff's Motion for Sealed Documents **(ECF No. 7)**.

**I.      Plaintiff's Motion for Sealed Documents (ECF No. 5)**

Plaintiff's initial motion seeks to seal sixteen pages of documents from the Veterans Administration ("VA") (ECF No. 6). The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and

documents."[1] The Tenth Circuit specifically recognizes the public's right to access judicial records.[2] However, the public's right of access is not absolute.[3] "Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court."[4] The party seeking to overcome the presumption of public access to court records must show there is a significant interest which favors non-disclosure over the public interest in access to court proceedings and documents.[5] The Court has discretion to seal documents if competing interests outweigh the public's right of access.[6]

Here, the documents at issue include certain of Plaintiff's claims for disability benefits, including rating decisions and associated compensation. The documents also include medical diagnoses for and evaluation of Plaintiff, along with opinions of VA examiners. The Court finds Plaintiff's privacy interests in his claims for disability benefits and medical diagnoses outweigh the public's right to access.[7] The Court will next address Plaintiff's second Motion.

---

1 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).
2 *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).
3 *Nixon*, 425 U.S. at 598; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).
4 *Mann,* 477 F.3d at 1149 (citing *Nixon*, 435 U.S. at 599).
5 *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).
6 *Mann*, 477 F.3d at 1149; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).
7  38 U.S.C. § 5701 ("[A]ll files, records, reports, and other papers and documents pertaining to any claim" are confidential and privileged.); *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124 (10th Cir. 2011) (sealed records which included the name of or personal and private medical information of ERISA plan participant's son); *Proctor v. United Parcel Serv.,* 502 F.3d 1200, 1215 (10th Cir.2007) (granting motion to file portion of appendix under seal in an Americans with Disabilities Act retaliation case); *Ctr. for Legal Advocacy v. Hammons,* 323 F.3d 1262, 1273 (10th Cir.2003) (granting motion to transmit records relating to suicides and attempted suicides of mental health care patients under seal).

## II.     Plaintiff's Motion for Sealed Documents (ECF No. 7)

Plaintiff's second Motion is less clear. It does not identify the documents which Plaintiff seeks to seal. It seems certain Plaintiff seeks to seal the documents attached to the Motion. And based upon Plaintiff's course of action in its initial Motion, the Court presumes Plaintiff seeks to seal the documents provisionally filed under seal immediately after filing his motion (ECF Nos. 8-10).

The documents attached to the Motion are Clinical Progress Notes from an evaluation at the VA. The notes include Plaintiff's social security number; relevant social, occupational, educational, and mental health histories; various mental health and medical diagnoses; testing results; and examiner's medical opinion. The Court, like above, finds Plaintiff's privacy interests in his mental health and medical diagnoses, as well as his identifying information outweigh the public's right to access.

However, the documents provisionally sealed at ECF. Nos. 8-10 are neither records of Plaintiff's claims for benefits from the VA nor medical records associated with his evaluation or treatment at the VA. Document-1 and Document- 2 (ECF No. 8 & 9) set out the purported "violations" of Defendant Sheryl A. Ebert alleged by Plaintiff. In fact, Document-2 includes portions of Plaintiff's Complaint which set out his allegations against

Case 6:23-cv-01120-HLT-GEB   Document 20   Filed 09/01/23   Page 4 of 5

her. Defendant has filed this type of information in the four related cases[8] he has filed in this District and has nowhere else has he asked that the information be sealed.

Exhibit-G (ECF No. 10) is a National Center for Posttraumatic Stress Disorder informational pamphlet regarding Understanding PTSD and PTSD Treatment. The pamphlet can be found on the Center's website at [PTSD Treatment Basics - PTSD: National Center for PTSD (va.gov)](). Although Plaintiff has marked up the pamphlet underlining certain passages, there is no personal identifying information nor private medical information regarding Plaintiff indicated in the markings.

Plaintiff has articulated no reason why the documents in ECF Nos. 8-10 should be sealed. And, as the party seeking to overcome the presumption of public access he bears the burden of showing a significant interest which outweighs that presumption.[9] Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[10] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[11] The Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[12] Where Plaintiff has a not articulated any interest in the privacy of the information in ECF Nos. 8-10, the documents are neither

---

8 22-cv-01275-HLT-GEB; 23-cv-01109-HLT-GEB; 23-cv-01120-HLT-GEB; and 23-cv-01156-HLT-GEB.
9 *Cincinnati Ins. Co. v. Blue Cross and Blue Shield of Kansas, Inc.*, No. 20-1367-HLT, 2022 WL 1316446, at *1-2 (D. Kan. May 3, 2022).
10 *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
11 *Id*.
12 *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

VA documents regarding Plaintiff's claims for benefits nor his private medical records, the documents contain Plaintiff's allegations against Defendant Sheryl A. Ebert, and one of the documents (ECF No. 13) is readily available on the internet, the Court finds Plaintiff has not overcome the presumption of public access to court records.

For the reasons set out above, the Court **GRANTS** Plaintiff's Motion for Sealed Documents **(ECF No. 5)** and **GRANTS in part and DENIES in part** Plaintiff's Motion for Sealed Documents **(ECF No. 7)**.

**IT IS THEREFORE ORDERED** Plaintiff's Provisionally Sealed Motion for Sealed Documents (ECF No. 5) be unsealed. However, Plaintiff's Provisionally Sealed Document (ECF No. 6) shall remain sealed.

**IT IS FURTHER ORDERED** Plaintiff's Provisionally Sealed Motion (ECF No. 7) remain sealed. However, Plaintiff's Provisionally Sealed Document-1, Document-2, and Exhibit-G (ECF Nos. 8-10) be unsealed.

Dated this 1st day of September, 2023 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
